S93A0165. OWENS v. THE STATE.
(428 SE2d 793)

SEARS-COLLINS, Justice.

The appellant, Bertram Ramon Owens, was found guilty in Richmond County Superior Court of the armed robbery and malice murder of Arthur James Hammond, and of possession of a firearm during the commission of a felony. The appellant received consecutive sentences of life imprisonment for malice murder and armed robbery, and five years for possession of a firearm during the commission of a felony.[1] We affirm the appellant's convictions and sentences.

---

[1] The crimes were committed on January 15, 1992. The appellant was indicted by a Richmond County Grand Jury on May 12, 1992. He was tried July 1-2, 1992, and was sen-

1. In his first enumeration of error, the appellant contends that the evidence was insufficient to support the guilty verdicts. We disagree.

Evidence of the following facts was presented at trial: On January 15, 1992, the victim, accompanied by Donald Campbell and Monnie Walker, went to the Pinewalk Apartments in Augusta, Georgia to purchase cocaine. Walker was driving the victim's car, the victim was in the front passenger seat, and Campbell was in the back seat. As the car approached the apartments, Walker recognized Keith Allen, who was standing in the parking lot with several other individuals, including the appellant. The appellant had earlier displayed to the group a black, nine-millimeter pistol. After Walker called Allen over to the car and asked Allen to sell her a twenty-dollar piece of crack cocaine, the appellant approached the car, stuck the pistol through the open driver's side window, and demanded that Walker give him the twenty dollars. After he had robbed Walker of the money and forcibly removed her from the car, the appellant demanded the five dollars which the victim was holding. When the victim resisted, the appellant took the five dollars and shot the victim. As the appellant walked away from the car, Campbell climbed into the front seat and drove away, with the victim in the car. The appellant fired several shots at the departing vehicle. The victim died of the gunshot wound that same night.

Both Walker and Campbell testified that they were unable to see the perpetrator clearly enough to identify him, but Tony Howard, who was also present when the crimes were committed, and Allen testified to the appellant's role in the above scenario. The appellant presented an alibi defense to the effect that at the time of the crime he was with his brother at a friend's house. Both the appellant's brother and the friend testified accordingly.

"This court does not weigh the evidence on appeal or resolve conflicts in the trial testimony." *Booker v. State*, 257 Ga. 37, 38 (354 SE2d 425) (1987). When considered in the light most favorable to the verdict, we find that the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the appellant is guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, the appellant argues that the following portion of the trial court's charge to the jury constitutes

---

tenced July 2, 1992. The appellant filed a motion for new trial on July 8, 1992. The transcript was certified by the court reporter on August 12, 1992. The appellant's motion for new trial was denied on October 6, 1992, and the appellant filed his notice of appeal that same day. The appeal was docketed in this court on October 28, 1992, and submitted without oral argument on December 11, 1992.

error:

> Now, members of the jury, as I said at the beginning of the trial in this case, I believe I did, the accused is charged with malice murder and felony murder. *And actually, felony murder is a lesser included offense, or it is included within malice murder.*

(Emphasis supplied.)

After charging and releasing the jury, the trial judge asked the appellant for any "objections, suggestions, or recommendations" with respect to the charge. The appellant failed to either object to the jury charge or reserve his right to object on motion for new trial or on appeal.

The appellant concedes that his failure to either object to the jury charge or to reserve the right to object would normally amount to a procedural bar to appellate review. See *Rivers v. State*, 250 Ga. 303, 309 (298 SE2d 1) (1982); *Anderson v. State*, 262 Ga. 331, 332 (418 SE2d 39) (1992). However, the appellant argues that the charge is nevertheless reviewable because it constitutes "plain error," and because the trial court "clearly prejudiced and harmed" the appellant's chances for a fair trial by instructing the jury that felony murder is a lesser included offense of malice murder.

The "plain error" rule allowing for appellate review of assertions of error raised for the first time on appeal where the asserted error affects substantive rights has been broadly applied by federal appellate courts.[2] See, e.g., *United States v. Wolfe*, 611 F2d 1152 (5th Cir. 1980); see also FRCrP, Rule 52 (b). In Georgia there is a similar rule, applicable in death penalty cases only, which allows for appellate review of assertions of error *not raised on appeal* in cases of plain error. Georgia Unified Appeal Procedure § IV (B) (2) (emphasis supplied); see also *Lynd v. State*, 262 Ga. 58 (414 SE2d 5) (1992).

This Court has not adopted the plain error rule in cases in which the death penalty is not sought.[3] However, even if we were to consider

---

[2] The United States Supreme Court has held that
"appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings."
*Silber v. United States*, 370 U. S. 717, 718 (82 SC 1287, 8 LE2d 798) (1962).

[3] The Court of Appeals, however, applied the "plain error" rule in *Almond v. State*, 180 Ga. App. 475 (349 SE2d 482) (1986), in which that court considered whether the trial court properly allowed the defendant's appointed counsel to testify with respect to the defendant's competency to stand trial, when no objection was made to the testimony at trial. The Court of Appeals considered the facts of the case to be "exceptional and to seriously affect the fairness, integrity, and public reputation of [the] judicial proceedings." Id. at 480 (citing *Silber v. United States*, 370 U. S. 717, 718 (82 SC 1287, 8 LE2d 798) (1962).

the facts of this case under the plain error rule, the assertion of error is without merit. The appellant fails to specify how he was harmed by the charge, fails to point out anything in the charge which "seriously affect[ed] the fairness, integrity, and public reputation" of the trial, and, in light of the malice murder verdict returned by the jury and the accuracy of the charge as a whole, we find nothing in the trial court's charge to overcome the valid procedural bar.[4] Therefore, as the appellant failed to preserve the right to assert error in the jury charge on appeal, this enumeration of error is deemed waived.

3. In his third and fourth enumerations of error, the appellant contends, for the first time, that trial counsel was ineffective because he stipulated to certain harmful facts and evidence, and failed to object to the jury charge.

> We have held that, where the issue of effectiveness is raised for the first time on appeal by an appellate attorney who did not represent the defendant at trial *or on motion for new trial* and who did not file an amended motion for new trial, a remand for hearing on the issue of effectiveness may be appropriate. *Johnson v. State*, 259 Ga. 428 (3) (383 SE2d 115) (1989).

(Emphasis supplied.) *Meders v. State*, 260 Ga. 49, 55 (389 SE2d 320) (1990).

In this case, however, appellate counsel did not file an amended motion for new trial, but *did* represent the appellant at the hearing on the motion for new trial filed by trial counsel. The issue of trial counsel's effectiveness was not raised at the motion hearing. Therefore, as the appellant had the opportunity, before this appeal and through his present counsel, to challenge the effectiveness of trial counsel and failed to do so, we hold that any such challenge was procedurally barred, and no remand is required.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 1993.

*Charles R. Sheppard,* for appellant.

*Michael C. Eubanks, District Attorney, J. Wade Padgett, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L.*

---

[4] The appellant failed to argue OCGA § 5-5-24 (c), which provides for appellate review in non-death penalty cases of charges which contain substantial and harmful error, regardless of whether an objection was made at trial. However, our analysis under the "plain error" rule would also preclude reversal under this Code section.

*Strausner, Staff Attorney,* for appellee.