A93A1136. TURNER v. THE STATE.
(436 SE2d 66)

JOHNSON, Judge.

Dexter Tyrone Turner was convicted on one count of sale of co-

---

[2] We need not address the denial of Pace Construction's other motion for summary judgment on the merits of the claim.

caine. He appeals his conviction and the denial of his motion for a new trial.

1. Turner alleges that the evidence of identification presented at trial was insufficient to support the conviction. An undercover agent purchased two "rocks" of crack cocaine from a male she described in her report as wearing red tennis shoes, a red T-shirt, and navy and beige short overalls. The agent contacted fellow officers informing them that she was out of the area and described the suspect. The officers went to the scene immediately, identified the suspect based on the description furnished by the agent, and obtained Turner's name and various other information from him. Within three hours of the sale, the agent picked Turner's picture out of a six-photo line-up. She also positively identified Turner at trial. Turner and his girl friend testified that he never owned a pair of shorts fitting the description offered by the agent, although both admitted that he had a red T-shirt and red tennis shoes.

As we have frequently held, the jury is the sole and exclusive judge of the credibility of witnesses, and after verdict, a reviewing court must construe the evidence in favor of the judgment rendered. Even where there is considerable evidence in the record to authorize the jury to have found the defendant not guilty, the jury in criminal cases is the arbiter of all conflicts. Having resolved such issues against the defendant, if there is evidence to support the verdict, the trial court does not err in rendering final judgment on the verdict. See *Storey v. State*, 205 Ga. App. 610, 611 (1) (422 SE2d 879) (1992). The agent positively identified Turner as the perpetrator of the crime charged. The evidence presented at trial was sufficient to authorize the jury to find Turner guilty of selling cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

2. Turner asserts as error the absence from the record on appeal of three photographs of the neighborhood where the crime was committed, which were introduced as evidence at the trial. Turner acknowledges that procedures exist for supplementing the record and admits in his brief that "omission [of these exhibits] is not material" and that the "omission from the record does not infect the validity of the underlying conviction. . . ." Turner concedes that the substance of his appeal is not affected by the absence of the exhibits. Because this alleged error is not supported by argument or citation to authority, we deem it abandoned in accordance with Court of Appeals Rule 15 (c) (2).

3. After this appeal was docketed, but before the submission of briefs, Turner informed his attorney of various facts which raise an ineffective assistance of counsel claim. Where the issue of ineffectiveness of counsel is raised for the first time on appeal, the case must be

remanded to the trial court for an evidentiary hearing on the claim. *Johnson v. State*, 259 Ga. 428 (3) (383 SE2d 115) (1989); *Kinney v. State*, 199 Ga. App. 354 (2) (405 SE2d 98) (1991). Although *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991) suggests that such claims be articulated at "the earliest practicable moment" the issue may be raised for the first time in a direct appeal if, as in the instant case, the direct appeal marks the first appearance of new counsel. *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991). The State, in its brief, does not challenge Turner's request. Accordingly, the case is remanded to the trial court for the sole consideration of the issue of ineffective assistance of counsel.

*Judgment affirmed and case remanded with direction. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 21, 1993.

*L. Elizabeth Lane*, for appellant.

*Willis B. Sparks III, District Attorney, Elizabeth K. Bobbit, Assistant District Attorney*, for appellee.