## A93A2504. DUITSMAN v. THE STATE.

(441 SE2d 888)

POPE, Chief Judge.

Defendant Randy Neil Duitsman was found guilty by a jury of two counts of aggravated assault on a law officer and two counts of felony obstruction of a law officer. He appeals from the conviction and sentences entered by the trial court on the jury's verdicts.

1. In related enumerations, defendant raises the general grounds as to each conviction. "On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the adjudication of guilt is supported by sufficient competent evidence. [Cit.]" *Belins v. State*, 210 Ga. App. 259 (1) (435 SE2d 675) (1993).

Viewed in the light to uphold the verdict, the evidence shows that defendant lived with his wife and two children in an old bus next to his brother's trailer. Defendant's sister-in-law summoned the police to break up a domestic disturbance between defendant and his wife. Captain Lowe and Deputy Fortner of the Lumpkin County Sheriff's Department responded. Deputy Fortner was in uniform, and the officers arrived in a marked sheriff's vehicle. As the officers approached, defendant was exiting his brother's trailer, "manhandling the wife . . . and children, pushing them towards the bus." A child cried out "He's got a gun!" Deputy Fortner ordered defendant to halt and said that they needed to speak with him. Defendant twice refused Fortner's command to halt and then entered the bus. When the officers asked defendant to come out and talk to them, he refused to come out, shouting, "If you want me, you're going to have to come in and get me!" Captain Lowe shined a flashlight into the bus and saw defendant pointing a pistol at Deputy Fortner. Fortner also saw defendant point the pistol. Defendant then swung around and pointed the gun at Captain Lowe. Deputy Fortner kicked in the folding door of the bus and tackled defendant. They scuffled, during which time defendant kicked Captain Lowe in the hand, causing a severe sprain. Defendant continued to resist until he was forcibly subdued and handcuffed. This version of events was corroborated in a statement given at the scene by defendant's 12-year-old niece, an eyewitness.

Aggravated assault on a peace officer in violation of OCGA § 16-5-21 (c) requires proof that the officer was, at the time of the assault, engaged in the performance of his official duties. See *Bundren v. State*, 247 Ga. 180, 181 (2) (274 SE2d 455) (1981). Likewise, felony obstruction of a law enforcement officer in violation of OCGA § 16-10-24 (b) requires a showing that the officer was acting "in the lawful discharge of his official duties." Defendant argues that his warrantless

arrest was without probable cause such that the officers were not acting in the lawful discharge of their official duties. See *Wagner v. State*, 206 Ga. App. 180 (424 SE2d 861) (1992) (physical precedent). However, it is clear that, having been summoned to the scene of a domestic disturbance and having seen defendant forcibly march his family into their dwelling, quite possibly at gunpoint, the officers had probable cause to effectuate a warrantless arrest for a battery constituting a family violence offense as defined by OCGA § 19-13-1 (2). OCGA § 17-4-20 (a). See also *Gilbert v. State*, 209 Ga. App. 483, 484-485 (2) (433 SE2d 664) (1993). The warrantless entry into defendant's home was made in "hot pursuit" since defendant refused Deputy Fortner's command to halt. "Absent exigent circumstances or consent, an entry into a private dwelling to conduct a search or effect an arrest is unreasonable without a warrant. However, a suspect may not defeat an arrest which has been set in motion in a public place by the expedient of escaping to a private place. Since the arrest of [defendant in his home] was based upon [Deputy Fortner's] 'hot pursuit' of the subject, such arrest was a lawful activity." (Citations and punctuation omitted.) *Brown v. State*, 163 Ga. App. 209, 210 (1) (294 SE2d 305) (1982). The contention that the officers were not in the lawful discharge of their official duties at the time defendant pointed a gun at each of them and violently resisted arrest is without merit. From the evidence adduced below, a rational trier of fact could reasonably have found defendant guilty beyond a reasonable doubt of aggravated assault against each of the two law enforcement officers by pointing a pistol as well as felony obstruction of each officer by resisting lawful arrest with violence. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Thus, defendant's enumeration of the general grounds is without merit.

2. Defendant claims that the warrantless post-arrest seizure from his home of the weapon with which he assaulted the officers was unauthorized. However, defendant made no timely written motion to suppress this pistol and the weapon was admitted into evidence without objection. Accordingly, this argument, raised for the first time on appeal, cannot be addressed. "[Defendant] failed to raise a [Fourth Amendment or] due process objection below and this court will not consider issues and grounds for objection, even of constitutional magnitude, which were not raised and determined in the trial court." (Citations and punctuation omitted.) *Gee v. State*, 210 Ga. App. 60, 61 (3) (435 SE2d 275) (1993).

3. Before he took the stand on his own behalf, defendant made a mid-trial oral motion to exclude as prejudicial any cross-examination of him as to the existence of a civil rights suit he had pending against Lumpkin County growing out of his warrantless arrest. The trial court overruled his motion and the State was permitted to cross-ex-

amine defendant as to his pending suit. This evidentiary ruling is enumerated as error. However, the ground urged on appeal is an objection to the lack of a proper foundation for cross-examination as to the existence of possible bias. This ground is raised for the first time on appeal and cannot be considered. Moreover, since the existence of the pending civil suit did not impermissibly place defendant's character in issue, there was no abuse of the broad discretion reposed in the trial court by failing to prohibit that brief line of cross-examination of the accused. "If a defendant in a criminal case wishes to testify and announces in open court his intention to do so, he may so testify in his own behalf. If a defendant testifies, he shall be sworn as any other witness and may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." OCGA § 24-9-20 (b). This enumeration is without merit.

4. Defendant also argues for the first time on appeal that he was denied effective assistance of counsel. Appellate counsel (different from trial counsel) was appointed within the 30-day period following the entry of the judgments of conviction, in time to file the notice of direct appeal without requiring the 30-day extension of time authorized by OCGA § 5-6-39 (a) (1). The record contains no motion for new trial. In order to preserve the issue of trial counsel's effectiveness for appellate review, "a claim of ineffective assistance of counsel [must] be determined by means of an evidentiary hearing at the earliest practicable moment." *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991). Logically, it would seem that by proceeding with a direct appeal without filing a motion for new trial demanding an evidentiary hearing on the claim of ineffective assistance, defendant would have waived or abandoned this ground for reversal and a new trial. See *Maxwell v. State*, 262 Ga. 541, 543 (3) (422 SE2d 543) (1992). Nevertheless, we are bound by the whole court decision in *King v. State*, 208 Ga. App. 77 (2) (430 SE2d 640) (1993) holding the contrary. We therefore remand the case to allow the trial court an opportunity to consider defendant's claim of ineffective assistance of counsel. But see *Cost v. State*, 263 Ga. 720, 721 (2) (438 SE2d 79) (1994) (waiver where appellant, having been informed by appellate counsel that any claim of ineffective assistance of trial counsel must be raised in a motion for new trial demanding an evidentiary hearing, directed appellate counsel to forgo the motion for new trial and proceed with direct appeal).

*Judgment affirmed and case remanded. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MARCH 9, 1994.

*John R. Burdges*, for appellant.
*David C. Turk III, District Attorney*, for appellee.