## S94A0730. BAILEY v. THE STATE.
### (443 SE2d 836)

HUNSTEIN, Justice.

Appellant was convicted of malice murder and theft by taking.[1] His trial counsel filed a timely motion for new trial, alleging, inter alia, that the evidence was insufficient to support the convictions. However, prior to any disposition by the trial court, new counsel withdrew the motion and filed a notice of appeal pursuant to a consent order entered by the trial court. In his sole enumeration of error on appeal appellant contends for the first time that his trial counsel was ineffective.

It is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at "the earliest practicable moment." *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). In the present case, appellant through his new counsel had the opportunity to raise a claim of ineffectiveness of trial counsel prior to this appeal in an amendment to the motion for new trial, but failed to do so. As such, his challenge to the effectiveness of his trial counsel is procedurally barred, and no remand is required. *Owens v. State*, 263 Ga. 99 (3) (428 SE2d 793) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 1994 —
RECONSIDERATION DENIED JUNE 24, 1994.

*Frederick M. Scherma,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Assistant Attorney General,* for appellee.

---

[1] The crimes occurred on April 20, 1992. Appellant was indicted on July 30, 1992 in Cobb County. He was found guilty on February 4, 1993 and was sentenced the same day. His motion for new trial was filed on March 1, 1993, and withdrawn by consent order on January 10, 1994. A notice of appeal was filed on January 10, 1994. The appeal was docketed in this Court on February 17, 1994 and was submitted for decision without oral argument on April 11, 1994.