A95A0174. KENNEDY v. THE STATE.
(456 SE2d 288)

SMITH, Judge.

Mark Kennedy appeals his conviction on charges of aggravated assault and possession of a weapon by an inmate.

1. Kennedy first contends the trial court abused its discretion by denying trial counsel's motion for continuance on grounds that he had an inadequate opportunity to prepare his defense.

" 'A motion for continuance is addressed to the sound discretion of the trial court, and this court will not interfere unless it is clearly

shown that the court abused its discretion. OCGA § 17-8-22.' [Cit.]" *Gignilliat v. State*, 196 Ga. App. 773 (2) (397 SE2d 52) (1990). "There is no fixed rule as to the number of days that should, of right, be allowed counsel in a criminal case to prepare the case for trial, but the trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. . . . Broad discretion must be granted trial courts on matters of continuances and only unreasoning and arbitrary insistence upon expeditiousness in the face of *justifiable* request for delay would violate the right to assistance of counsel." (Citations and punctuation omitted.) *Bennett v. State*, 186 Ga. App. 832-833 (2) (368 SE2d 789) (1988). See also OCGA § 17-8-20.

While the record reflects the court's denial of trial counsel's motion for continuance, it does not include counsel's argument in support of his request. Kennedy was indicted on August 1, 1994. Pointing out that trial counsel was appointed on August 9 and a jury trial began on August 15, 1994, appellate counsel contends the trial court abused its discretion in denying a continuance under these circumstances, because trial counsel had only three working days to prepare for trial. Appellate counsel, who happened to be in court when this case was called for trial, attempts to argue that trial counsel was misled by the court as to the completeness of the record on this issue. However, we cannot consider facts related in the briefs that are not a part of the record, and in the absence of an affirmative showing of error on the record, the trial court's ruling will not be disturbed. See *Wheeless v. State*, 135 Ga. App. 406 (7) (218 SE2d 88) (1975). Accordingly, we find no error in the denial of trial counsel's motion for continuance.

2. Kennedy argues for the first time on appeal that he was denied effective assistance of counsel. "In order to preserve the issue of trial counsel's effectiveness for appellate review, 'a claim of ineffective assistance of counsel (must) be determined by means of an evidentiary hearing at the earliest practicable moment.' [Cit.]" *Duitsman v. State*, 212 Ga. App. 348, 350 (4) (441 SE2d 888) (1994). "Where the issue of ineffectiveness of counsel is raised for the first time on appeal, the case must be remanded to the trial court for an evidentiary hearing on the claim. [Cits.]" *Turner v. State*, 210 Ga. App. 328, 329-330 (3) (436 SE2d 66) (1993). New counsel was appointed for Kennedy within 30 days of entry of the judgment of conviction, yet counsel chose to file an immediate appeal rather than a motion for new trial. Nevertheless, under our prior decisions, counsel's election does not effect a procedural bar as to the asserted ineffective assistance claim, and we therefore remand the case for an evidentiary hearing on that issue. *King v. State*, 208 Ga. App. 77 (2) (430 SE2d 640) (1993).

*Case remanded with direction. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MARCH 28, 1995.

*Beauchamp & Associates, Robert M. Beauchamp,* for appellant. *John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney,* for appellee.