A95A0698. DUITSMAN v. THE STATE.
(457 SE2d 702)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty on two counts of aggravated assault upon a law enforcement officer and two counts of felony obstruction of a law enforcement officer. The judgment of defendant's convictions and sentences was affirmed in *Duitsman v. State*, 212 Ga. App. 348 (441 SE2d 888), and the case was remanded to the trial court for a hearing on defendant's claim of ineffective assistance of trial counsel. Id. at 350 (4).

"[D]efendant lived with his wife and two children in an old bus next to his brother's trailer. Defendant's sister-in-law summoned the

police to break up a domestic disturbance between defendant and his wife. Captain Lowe and Deputy Fortner of the Lumpkin County Sheriff's Department responded. Deputy Fortner was in uniform, and the officers arrived in a marked sheriff's vehicle. As the officers approached, defendant was exiting his brother's trailer, 'manhandling the wife . . . and children, pushing them towards the bus.' A child cried out 'He's got a gun!' Deputy Fortner ordered defendant to halt and said that they needed to speak with him. Defendant twice refused Fortner's command to halt and then entered the bus. When the officers asked defendant to come out and talk to them, he refused to come out, shouting, 'If you want me, you're going to have to come in and get me!' Captain Lowe shined a flashlight into the bus and saw defendant pointing a pistol at Deputy Fortner. Fortner also saw defendant point the pistol. Defendant then swung around and pointed the gun at Captain Lowe. Deputy Fortner kicked in the folding door of the bus and tackled defendant. They scuffled, during which time defendant kicked Captain Lowe in the hand, causing a severe sprain. Defendant continued to resist until he was forcibly subdued and handcuffed." *Duitsman v. State*, 212 Ga. App. 348 (1), supra.

This appeal followed denial of defendant's motion for new trial based upon his claim of ineffective assistance of trial counsel. *Held*:

1. Defendant contends his trial attorney ineffectively prepared his case for trial by failing to interview the State's witnesses before trial and by failing to obtain (or request) a fingerprint analysis of the handgun defendant purportedly used during commission of the crimes charged. Defendant also contends his trial attorney ineffectively refused to call an eyewitness (13-year-old Eric Beard) who would have testified that defendant did not commit the acts which form the basis of the crimes charged.

"[T]he burden was on [defendant] to establish that he received ineffective assistance of trial counsel. *Van Alstine v. State*, 263 Ga. 1, 4 (426 SE2d 360) (1993). To meet this burden, [defendant] was required to show not only that trial counsel's performance was deficient, but also that, absent trial counsel's deficient performance, there is a reasonable likelihood that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Hayes v. State*, 263 Ga. 15 (426 SE2d 557) (1993)." *White v. State*, 265 Ga. 22 (1) (453 SE2d 6). Moreover, the "trial court's finding that . . . defendant [was] not . . . denied effective assistance of trial counsel will be affirmed unless clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986)." *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484).

In the case sub judice, defendant failed to show that the outcome of his trial would have been different had defense counsel interviewed the State's witnesses before trial. In fact, the evidence adduced at the

hearing on defendant's motion for new trial reveals that defendant's trial attorney reviewed reports and summaries in the State's file before trial, thereby giving him a full understanding of the evidence the State would rely on to prove its case. Under these circumstances, we cannot say defense counsel performed deficiently in failing to interview the State's witnesses before trial. Further, defendant failed to proffer evidence that a fingerprint analysis of the handgun purportedly used by defendant during commission of the crimes charged would have materially aided in his defense. Defendant merely postulates that such an analysis would have been exculpatory "if no fingerprints were found." Such speculation is insufficient to authorize a finding that defense counsel ineffectively overlooked evidence which would have resulted in defendant's acquittal. See *Randall v. State*, 207 Ga. App. 637, 639 (3), 641 (428 SE2d 616). Finally, defendant failed to question his trial attorney at the motion for new trial hearing regarding the reasons for not calling 13-year-old Eric Beard as a defense witness. "In the absence of testimony to the contrary, counsel's actions are presumed strategic. *Stanley v. Zant*, 697 F2d 955 (11th Cir. 1983), cert. denied, 467 U. S. 1219 (1984)." *Earnest v. State*, 262 Ga. 494, 496 (5) (422 SE2d 188). Consequently, in the absence of evidence regarding defense counsel's "strategic" reasons for not calling Eric Beard as a defense witness and in light of evidence indicating that Eric Beard's testimony would have been cumulative of other eyewitness testimony offered by the defense at trial, we find no abuse of discretion in the trial court's (apparent) rejection of defendant's claim that Eric Beard's testimony would have changed the outcome of trial.

2. Next, defendant asserts that his trial attorney was ineffective in failing to file a motion to suppress the handgun defendant purportedly used during commission of the crimes charged. Defendant argues that this weapon should have been suppressed because it was seized during a warrantless search of his home. This argument is without merit.

"When urging ineffective assistance of counsel on the basis of counsel's failure to file a motion to suppress, [a defendant] must 'make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed. (Cits.)' *Rubiano v. State*, 147 Ga. App. 142, 144 (248 SE2d 207) (1978)." *Ruffin v. State*, 201 Ga. App. 792 (2a), 793 (412 SE2d 850). In the case sub judice, defendant's handgun was not seized pursuant to a warrantless search of his home as alleged by defendant. The weapon was seized immediately after law enforcement officers entered defendant's home to execute a lawful arrest. *Duitsman v. State*, 212 Ga. App. 348 (1), 349, supra. "In exigent circumstances police officers are authorized, pursuant to a lawful arrest, to enter premises and conduct a

search. *State v. Camp*, 175 Ga. App. 591, 594 (2) (333 SE2d 896) (1985)." *Merriman v. State*, 201 Ga. App. 817 (1), 821 (412 SE2d 598). In light of the exigent circumstances in the case sub judice authorizing entry of law enforcement officers into defendant's home to make a lawful arrest, it appears unlikely that a motion to suppress would have resulted in exclusion of defendant's handgun from evidence at trial. Consequently, defense counsel's decision not to file a motion to suppress the handgun seized from defendant's home at the time of defendant's arrest does not (as a matter of law) constitute ineffective assistance of counsel. See *Ruffin v. State*, 201 Ga. App. 792 (2a), 793, supra.

3. In his final enumeration of error, defendant claims his trial attorney ineffectively failed to communicate a plea bargain offered by the State before trial. This contention is not supported by the record. It is undisputed that defendant's trial attorney advised defendant before trial of the State's offer to recommend a sentence of five years to serve in confinement in exchange for defendant's pleas of guilty to the crimes charged. Further, defendant's trial attorney testified at the motion for new trial hearing that defendant rejected the State's plea bargain with full knowledge of the consequences of proceeding to trial. The fact that defense counsel advised defendant not to accept the State's offer for a negotiated plea was tactical advice (based on an assessment of conflicting evidence) which provides no basis for a claim of ineffective assistance of counsel. See *Lloyd v. State*, 258 Ga. 645, 646 (2) (373 SE2d 1).

The trial court did not abuse its discretion in denying defendant's motion for new trial based on defendant's claim of ineffective assistance of counsel. See *Warren v. State*, 197 Ga. App. 23, 24 (1), supra.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 12, 1995.

*John R. Burdges*, for appellant.
*C. David Turk III, District Attorney, Mark E. Moore, Albert F. Taylor, Jr., Assistant District Attorneys*, for appellee.