A95A0461. DOZIER v. THE STATE.
(459 SE2d 463)

POPE, Presiding Judge.
Defendant Antonio Dozier was convicted of armed robbery and appeals.

1. Defendant challenges the sufficiency of the evidence to support his armed robbery conviction. We find the evidence sufficient under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant also contends that the trial court erred in giving the jury the *Allen* or "dynamite" charge. However, our review of the record and transcript reveals that the jury had already reached its guilty verdict as to defendant Dozier when the *Allen* charge was given and that the jury's deliberations after the charge concerned one of the co-defendants. It follows that this enumeration is without merit.

3. Defendant also argues, for the first time on appeal, that he was denied effective assistance of trial counsel, and the State has filed a motion for remand so that a hearing can be held on this issue. " 'In order to preserve the issue of trial counsel's effectiveness for appellate review, "a claim of ineffective assistance of counsel (must) be determined by means of an evidentiary hearing at the earliest practicable moment." (Cit.)' *Duitsman v. State*, 212 Ga. App. 348, 350 (4) (441 SE2d 888) (1994). 'Where the issue of ineffectiveness of counsel is raised for the first time on appeal, the case must be remanded to the trial court for an evidentiary hearing on the claim. (Cits.)' *Turner v. State*, 210 Ga. App. 328, 329-330 (3) (436 SE2d 66) (1993)." *Kennedy v. State*, 217 Ga. App. 18, 19 (2) (456 SE2d 288).

The record in this case shows that new counsel filed a notice of appeal within 30 days of the entry of judgment; no motion for new trial was filed. "[U]nder our prior decisions, counsel's election does not effect a procedural bar as to the asserted ineffective assistance claim, and we therefore remand the case for an evidentiary hearing on that issue. *King v. State*, 208 Ga. App. 77 (2) (430 SE2d 640) (1993)." Id. We would further note that the Supreme Court case of *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994) does not require a denial of the motion to remand because in that case a motion for new trial was filed, but appellate counsel withdrew the motion and filed an appeal in which the only issue raised was trial counsel's ineffectiveness. The Supreme Court held that under these circumstances, appellate counsel should have amended the already filed motion for new trial instead of raising the issue of trial counsel's ineffectiveness for the first time on appeal. In the case at hand, however, a motion for new trial was never filed below; remanding the case for a hearing on trial counsel's ineffectiveness is thus both proper and necessary. If the court finds defendant was denied effective assistance of counsel, he will be entitled to a new trial. If the court finds adversely to defendant, he will be entitled to appeal that order within 30 days.

*Judgment affirmed and case remanded with direction. McMurray, P. J., Birdsong, P. J., Blackburn and Smith, JJ., concur. Beasley, C. J., Andrews, Johnson and Ruffin, JJ., dissent.*

BEASLEY, Chief Judge, dissenting.

The court should deny the State's motion to remand this case to the trial court for a hearing on appellant's ineffective assistance of counsel claim in this direct appeal from the conviction.

No one disputes that this claim is governed by the principle applied by the Supreme Court of Georgia in *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994), when it ruled as follows: "It is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at 'the earliest practicable moment.' *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). In [*Bailey*], appellant through his new counsel had the opportunity to raise a claim of ineffectiveness of trial counsel prior to this appeal in an amendment to the motion for new trial, but failed to do so. As such, his challenge to the effectiveness of his trial counsel is procedurally barred, and no remand is required. *Owens v. State*, 263 Ga. 99 (3) (428 SE2d 793) (1993)."

In *Bailey*, trial counsel filed a motion for new trial but new counsel withdrew it and filed a notice of appeal. Here, in Dozier's case, judgment was entered on September 2. Appellant and new counsel had the same amount of time, 30 days, to explore the basis for a new trial as for a direct appeal. OCGA §§ 5-5-40 (a), 5-6-38 (a). New counsel chose not to seek a new trial from the trial court but instead filed a detailed notice of appeal, on September 29. The very first "error" enumerated is that "[a]ppellant was denied his rights afforded under the Sixth Amendment to the U. S. Constitution due to ineffective assistance of counsel."

The rule requiring timely raising of such a claim should apply in this case equally to its application in *Bailey* and *Owens*. Procedurally, it makes no difference whether defendant by new counsel fails to raise the claim by an amendment to an existing motion for new trial or whether he forgoes a motion for new trial altogether; in both instances, the prompt and full opportunity to raise the issue and be heard on it by the trial court is disregarded, and the action taken is a direct appeal from the trial court's judgment. It is inconsistent to hold that the claim is saved when defendant by new counsel opts not to file a motion for new trial in the first place whereas a defendant in Bailey's and Owens' position is barred. What was held in *Owens* should apply here: "[A]s the appellant had the opportunity, before this appeal and through his present counsel, to challenge the effectiveness of trial counsel and failed to do so, . . . any such challenge [is] procedurally barred, and no remand is required." *Owens*, supra at 102 (3).

Moreover, the basis for the "enumeration of error" contending there was ineffective assistance of counsel, which of course does not point to any legal error made by the trial court, is that counsel did not investigate so as to produce two alibi witnesses (unnamed) for

defendant. Appellant has failed to make any record in this regard or even assert that this alleged ineffectiveness was unknown to appellant or counsel at the time the direct appeal to this court rather than a motion to the trial court for new trial was filed. There is not even a representation that current counsel investigated and found any substance with respect to alibi or determined why trial counsel did not pursue alibi. This basis for the claim existed long before the notice of appeal was filed. Nor is there any explanation of why this Court is better suited to hear this complaint, rather than the trial court which had jurisdiction until the notice of appeal was filed.

Charges of ineffective assistance are serious, involving the professionalism of trial counsel; they are time-consuming, usually requiring the presence of trial counsel as a witness in a hearing to defend his or her performance; they are generally ineffectual under the standard of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Constitutional ineffectiveness does not exist unless a deficiency in the representation by trial counsel materially affects the outcome of the proceeding. *Hammond v. State*, 260 Ga. 591, 599 (398 SE2d 168) (1990).

Asserting the charge on appeal for the first time, foregoing the ample opportunity to do so in the trial court and to ask there for a hearing when memories are fresh and the case is still within the breast of the trial court, provides nothing for us to review in a direct appeal. To remand the case, however, permits an elongation of the process and allows a stalling of the final disposition of the case.

Furthermore, appellant does not seek a remand but rather a review and decision of the errors enumerated. Appellant, represented by new counsel, chose not to file a motion for new trial wherein he could make the accusation against trial counsel and the bold assertion now contained in the first enumeration of error; instead of obtaining a ruling on this issue, he chose not to make it an issue but to appeal directly and raise it here.

The recent panel decision in *Kennedy v. State*, 217 Ga. App. 18 (456 SE2d 288) (1995) illustrates another problem of remand when the claim is not made below despite opportunity therefor. That problem is piecemeal criminal appeals. One enumeration of error is ruled on, and the claim of ineffectiveness (which is *not* an enumeration of trial court error) is remanded even though it could easily have been raised by motion for new trial. Now there will be a much delayed hearing on the question and, not unlikely, another appeal. This procedure should not be condoned. *King v. State*, 208 Ga. App. 77, 81 (430 SE2d 640) (1993) (Beasley, P. J., concurring specially).

I am authorized to state that Judge Andrews, Judge Johnson and Judge Ruffin join in this dissent.

DECIDED JULY 13, 1995.

*Cummins, Booth & Kneidel, Michael H. Booth,* for appellant.
*Peter J. Skandalakis, District Attorney, Dennis T. Blackmon, Assistant District Attorney,* for appellee.