S95A1245. SMITH v. THE STATE.
(458 SE2d 828)

</div>

CARLEY, Justice.

Based upon the fatal shooting of one victim, Charles Edward Smith was indicted for the following six offenses: malice murder; felony murder while in the commission of an aggravated assault; felony murder while in the possession of a firearm by a convicted felon; aggravated assault; possession of a firearm by a convicted felon; and, possession of a firearm while in the commission of a felony. He was tried before a jury and found guilty of all six counts. However, the trial court entered judgments of conviction and sentences only on the guilty verdicts as to malice murder and the two firearm possession

offenses. See *Malcolm v. State*, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). Smith's motion for new trial was denied and he appeals from the judgments of conviction and sentences that were entered on the guilty verdicts.[1]

1. In several enumerations of error, Smith raises the general grounds. This Court determines the sufficiency, not the weight, of the evidence. *Owens v. State*, 263 Ga. 99, 100 (1) (428 SE2d 793) (1993). The evidence, construed most favorably for the State and most strongly against Smith, shows the following: An altercation arose between the driver of a car in which Smith was a back seat passenger and the driver of a car in which the victim was a back seat passenger. The driver of Smith's car pointed a derringer at the driver of the victim's car. The driver of the victim's car sped away. A shot was fired from Smith's car and the victim was fatally struck. One of the other occupants of Smith's car testified that Smith fired the shot. In addition, eyewitness and expert testimony showed that the shot had been fired from the back seat of Smith's car. Smith has a prior felony conviction for violating the Georgia Controlled Substances Act. This evidence was sufficient to authorize a rational trier of fact to find proof of Smith's guilt of malice murder and the two firearm possession offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his remaining enumerations of error, Smith raises the following issues: the merger of the underlying felonies into felony murder; the form of the indictment; the effectiveness of his trial counsel; the trial court's failure to strike a potential juror for cause; various evidentiary rulings by the trial court; and, the trial court's failure to give certain instructions. We have considered all of these enumerations and find that none has any merit.

*Judgments affirmed. Benham, C. J., Fletcher, P. J., Sears, Hunstein and Thompson, JJ., concur.*

DECIDED JULY 14, 1995 —
RECONSIDERATION DENIED JULY 28, 1995.

*James J. Dalton II,* for appellant.

---

[1] The crimes were committed on November 14, 1992 and Smith was indicted on January 26, 1994. The jury returned its guilty verdicts on March 15, 1994 and, on the following day, the trial court entered judgments of conviction and a life sentence for the murder and consecutive five-year sentences for the two firearm possession offenses. A motion for new trial was filed on March 1, 1994 and denied on February 23, 1995. A notice of appeal was filed on March 23, 1995 and the case was docketed in this court on April 25, 1995. Oral argument was heard on June 20, 1995.

*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.