## A97A2216. ELLIOTT v. THE STATE.
(497 SE2d 817)

BIRDSONG, Presiding Judge.

James Anthony Elliott appeals his conviction for trafficking in cocaine, two additional counts of violation of the Georgia Controlled Substances Act and obstruction of an officer. The state's evidence, construed in favor of the trial court's findings on appellant's motion to suppress and at his jury trial (*Allenbrand v. State*, 217 Ga. App. 609 (1) (458 SE2d 382)), shows that appellant was stopped at a routine license and insurance checkpoint in LaGrange, Georgia. Appellant handed over his driver's license and officers examined it and found that the license picture matched the face of the driver, James Anthony Elliott. Officers also recognized Elliott personally by his real name on his driver's license, and by his alias ("Rick James"), as the person who, according to their information, was a principal dis-

tributor of cocaine in LaGrange. Appellant stated he had no weapons or contraband in the car, which was a rental car. He gave consent to search, but when he was asked to turn off the car, he rolled up his window and drove away. In his flight from the police, appellant crashed into a police car and led officers on a high speed chase until he abandoned his car and fled on foot. In the abandoned vehicle, police found 120.5 grams (4.2 ounces) of 75 percent pure powder cocaine and 1,491 grams (4.2 pounds) of marijuana and a set of digital scales; and, a black leather jacket, a wallet with credit cards in appellant's name and appellant's address book and keys. Seven days later, appellant turned himself in to police headquarters and identified, as his, the personal property in the abandoned car. Later that property including the wallet and leather jacket, were released to him at his request.

On appeal, Elliott complains of an illegal stop, search and seizure; the insufficiency of the evidence to support the verdicts; and the inadequacy of assistance of trial counsel for having failed to get a specific ruling on appellant's motion to suppress even though the court, in denying a motion for new trial, stated that it did so "having read the transcript of the hearing on the motion to suppress"; and the trial court's denial of a motion for mistrial made on grounds that the state's testimony contradicting his attorney's opening statement forced appellant to testify. *Held*:

1. The trial court's ruling on a motion to suppress — including the denial of a motion for new trial with the trial court having heard the arguments of the defense and the state on the motion to suppress and "having read the transcript of the hearing on the Motion to Suppress" — where there is a conflict in the evidence will be upheld as long as there is evidence to support the trial court's order. *State v. Medders*, 153 Ga. App. 680 (266 SE2d 331).

The trial court's denial of the motion for new trial, viewed in favor of that ruling, establishes beyond a reasonable doubt that appellant abandoned the car which was clearly identified as having immediately been driven by him, and he thus abandoned any interest in it and the property in it and appellant had no protected interest in the abandoned car. Thus, the search and seizure were proper. *Burgeson v. State*, 267 Ga. 102 (3) (b) (475 SE2d 580).

The events surrounding the roadblock, which he claims was pretextual, are irrelevant and *do not affect the propriety of the search and seizure made from an abandoned car after its driver crashed into a police car and led police on a high speed chase.*

Appellant's argument that the search of the car and seizure of property in the car were illegal because the roadblock was pretextual and was manned by narcotics officers and dog handlers, amounts to an assertion that he had the right to flee a police stop upon his uni-

lateral determination that the stop was pretextual and that he had the right to commit criminal acts to evade capture by police. We reject this argument completely. Even if the roadblock had been improper, appellant had no right to flee a police stop and to lead police on a high speed chase after ramming a police car.

Notwithstanding the fleeing acts by appellant and regardless whether the roadblock was improper, the controlling fact here is that *police searched an abandoned car which was identified as the car appellant had been driving immediately before he abandoned it.* It contained a large quantity of cocaine, marijuana and drug-sellers' paraphernalia, and property appellant admitted was his.

2. Furthermore, the roadblock stop was proper. Georgia courts have long since established, as proper, police roadblocks set up for the purpose of checking the legality of the operation of vehicles "without the necessity of any particularized suspicion of wrongdoing." *Kan v. State*, 199 Ga. App. 170 (404 SE2d 281), quoted in *Brimer v. State*, 201 Ga. App. 401, 402 (411 SE2d 128); see also *Randall v. State*, 194 Ga. App. 153 (390 SE2d 74); *Sappe v. State*, 188 Ga. App. 700 (374 SE2d 114). Appellant's flight was unlawful; his leading police on a high speed chase was criminal and authorized police to pursue him; and by his abandonment of the car he also abandoned any interest in privacy he had in it and thus authorized the search and seizure. *Burgeson*, supra. The evidence of propriety of this search and seizure is so overwhelming that even if the trial court erroneously failed to consider the evidence at appellant's preliminary hearing in denying the motion to suppress, no harm was done thereby. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515); *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869); *In the Interest of D. T. C.*, 226 Ga. App. 364, 366 (487 SE2d 21); *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133).

3. We have examined the evidence and find it overwhelmingly sufficient to authorize a rational trier of fact to find appellant guilty of the crimes charged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. (a) Appellant claims trial counsel was ineffective for having failed to get a specific ruling on his motion to suppress. The order denying the motion for new trial states: "Having heard the argument of the defense attorney and attorney for the State and having read the transcript of the hearing on the Motion to Suppress, the Court hereby denies the [d]efendant['s] . . . Motion for New Trial." This *is* a specific ruling on the motion to suppress.

(b) The alleged ineffectiveness occurred after the trial court ruled on appellant's motion for new trial; thus the issue is raised here for the first time. Generally, when this issue is raised for the first time on appeal, the case is remanded to the trial court for hearing on the issue. *Kennedy v. State*, 217 Ga. App. 18, 19 (2) (456 SE2d

288). However, in this case a remand on this issue is not only barred but is also inappropriate on substantive grounds.

(c) New defense counsel was retained after the trial. New counsel did not assert ineffectiveness of trial counsel in his motion for new trial, i.e., at the earliest practicable opportunity. Under *Owens v. State*, 263 Ga. 99, 102 (428 SE2d 793), a remand to determine effectiveness of trial counsel is therefore barred.

We have held that where this issue is raised for the first time on appeal, it *must* be remanded to the trial court for an evidentiary hearing on the claim. *Turner v. State*, 210 Ga. App. 328, 329-330 (3) (436 SE2d 66). However, some exceptions have been noted. In *Owens v. State*, 263 Ga. 99 (3) (428 SE2d 793) appellate counsel withdrew the motion for new trial and filed an appeal; and see *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) where new appellate counsel simply failed to amend the motion for new trial by adding the effectiveness of counsel issue. In both cases, it was held that a remand for determination on the issue was "barred." In *Johnson v. State*, 259 Ga. 428 (3) (383 SE2d 115) the court held that where the issue of effectiveness of counsel is raised for the first time on appeal by an appellate attorney who did not represent the defendant at trial or on a motion for new trial, and who did not file an amended motion for new trial, a remand for hearing on that issue of effectiveness *may be appropriate*. This language indicates that the appeals court is not *always* mandated to remand a claim for ineffectiveness of counsel raised for the first time on appeal. See similarly *Vick v. State*, 205 Ga. App. 600, 601 (423 SE2d 46). And see the dissent in *Dozier v. State*, 217 Ga. App. 835 (459 SE2d 463), which noted that charges of ineffective assistance of counsel are serious, involving the professionalism of trial counsel; they are time-consuming, usually requiring the presence of trial counsel as a witness in a hearing to defend his performance, and "*Constitutional ineffectiveness does not exist unless a deficiency in the representation by trial counsel materially affects the outcome of the proceeding. Hammond v. State*, 260 Ga. 591, 599 (398 SE2d 168)." (Emphasis supplied.) Id. at 838. Especially where new counsel forewent the chance to raise the issue in a motion for new trial, a remand to consider the issue is an unwarranted "elongation of the process and allows a stalling of the final disposition of the case" (*Dozier*, supra) — during which, obviously, many convicted criminals avoid just prison sentences. An automatic remand when the claim is not made below, despite opportunity to make it, results in unwarranted piecemeal appeals. Id.

Generally the claim of ineffective assistance of counsel refers to counsel's performance *at trial*. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674); see *Johnson v. Zant*, 249 Ga. 812 (1) (295 SE2d 63). To succeed on a claim of ineffective assistance of coun-

sel, a defendant must show *trial counsel's performance* was deficient and that it prejudiced the defendant's defense so as to deprive him of a fair trial; in the absence of evidence to the contrary, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance. *Earnest v. State*, 262 Ga. 494, 496 (5) (422 SE2d 188). In this case, the only ineffectiveness claimed is in reality the failure of new appellate counsel to get a specific ruling on the motion to suppress while he had the opportunity to do so.

In this case, new appellate counsel filed a motion for new trial which did not include a claim for ineffectiveness of trial counsel. Moreover the only claim of ineffectiveness is that trial counsel failed to do what new appellate counsel could easily have done in his motion for new trial, to wit, get a "specific" ruling on appellant's motion to suppress. Therefore, a remand for hearing on this singular issue is barred by the rulings in *Bailey*, *Owens*, and *Johnson*, supra.

(d) Further, in the interest of judicial economy, we note that the singular issue of trial counsel's failure to obtain a specific ruling on the record denying appellant's motion to suppress is a legal one, and we can answer it. This claim does not amount to ineffective assistance of counsel *at trial*, and was in fact *irrelevant to the outcome of the case*; a specific ruling would have gained appellant nothing inasmuch as the search and seizure were entirely proper and legal and the denial of his motion to suppress was correct. Finally, we have found the court *did* make a specific ruling on the motion to suppress by denying the motion for new trial upon stating it had heard arguments of counsel on the issue and had read the transcript of the motion to suppress hearing.

5. The trial court did not err in denying appellant's motion for mistrial, made on grounds that the state forced appellant to testify, by using state's witnesses to contradict statements made in trial counsel's opening argument. The motion is specious, as the circumstances were created by appellant.

In his opening argument appellant's trial counsel surprised the State by asserting for the first time that he was not the driver of the car but had been "carjacked." This surprise evidence forced the State to call witnesses to testify that appellant made no such claim when he came to police headquarters to turn himself in and to retrieve his personal items.

Having created this evidentiary ambush, appellant created a necessity for the State to refute it, and he also created any compulsion he says he felt to respond to the State's refutation. The entire circumstance which he claims to be error was induced by appellant; self-induced error is close to premeditated error. *Huff v. State*, 224 Ga. App. 115 (479 SE2d 476); see *Hill v. State*, 223 Ga. App. 493 (478

SE2d 406). We find no error in the court's proceedings or in denial of appellant's motion for mistrial.

We further find any possible error in the denial of appellant's motion for mistrial was harmless in view of the overwhelming evidence against appellant in the case. *Hamilton v. State*, supra; *Johnson v. State*, supra; *In the Interest of D. T. C.*, supra; *Kirkland v. State*, supra.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED MARCH 2, 1998.

*Alfred F. Zachry*, for appellant.

*Peter J. Skandalakis, District Attorney, Aileen R. Page, Brett E. Pinion, Assistant District Attorneys*, for appellee.