## A99A0141. LANDERS v. THE STATE.
(511 SE2d 889)

ELDRIDGE, Judge.

Appellant Juan Valdez Landers challenges his conviction for aggravated assault and possession of a firearm during the commission of a crime. Landers was convicted on January 12, 1994, following a jury trial. Trial counsel filed a motion for new trial on February 7, 1994, asserting that there was insufficient evidence to support the verdict; the motion was denied on August 13, 1998. This appeal was timely filed by Landers' appointed appellate counsel.

1. In his first enumeration, Landers asserts that the evidence was insufficient to support his convictions. This enumeration lacks merit. Under OCGA § 16-5-20 (a), "[a] person commits the offense of simple assault when he either: (1) [a]ttempts to commit a violent injury to the person of another; or (2) [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." An aggravated assault is an assault which is committed with, inter alia, "a deadly weapon . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2).

When reviewing the evidence on appeal, "the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In evaluating the sufficiency of the evidence, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Emphasis in original.) Id. at 319.

Viewed in this light, the evidence in this case showed the following: On September 7, 1993, Landers and the victim, Danny Ellison, were shooting dice near the Small World apartment complex on Second Avenue in Augusta, Richmond County. Ellison decided to quit after winning some of Landers' money, and an argument ensued. According to Ellison, he attempted to leave and was confronted by Landers, who had a sawed-off shotgun. The two men fought over the shotgun, and Landers chased Ellison around a parked car. After Ellison slipped on some rocks and fell, Landers approached him and shot him in the back. Landers then threatened to shoot Ellison in the head, but a female bystander told him to let Ellison go. Both men left the scene. Ellison was transported to the hospital after Officer Hudson Bell, a deputy with the Richmond County Sheriff's Department, observed him running from the scene and collapsing on a front porch

on Bolt Avenue. He was hospitalized for a month for treatment of a close-range shotgun wound. Ellison denied having a weapon in his possession at the time of the shooting, and Officer Bell testified that Ellison did not possess a weapon at the time he was discovered. Officer Bell testified that Ellison told him that "Juan" shot him.

Officer Bell and Officer J. M. Cawley, who also worked with the Richmond County Sheriff's Department, testified that, during their investigation of the scene of the shooting, they discovered two shotgun shells, which were entered into evidence at trial. Officer Cawley also testified that he interviewed residents of the area and no one admitted seeing the incident. After the investigation at the scene, Officer Cawley questioned Ellison at the hospital; Ellison identified Landers as his assailant. During this visit, Officer Cawley observed a piece of shotgun "wadding" fall out of the wound in Ellison's back.

Officer Cawley interviewed Landers following his arrest and obtained a written statement in which Landers admitted shooting Ellison, but claimed that he had done so in self-defense. However, the statement also noted that, when he shot Ellison, Landers believed that Ellison's gun was empty.

Landers testified in his own defense at trial and asserted that Ellison had been smoking crack cocaine on the night of the shooting and that Ellison had approached him in order to rob him of $160 he had in his pocket. Landers claimed that Ellison wanted to steal the money in order to buy drugs. According to Landers, Ellison threatened him with a gun, and as Landers attempted to run away, one of four unidentified drug dealers who were standing nearby handed him a shotgun. Landers then chased Ellison around the car, where he shot Ellison. Although he admitted shooting Ellison, Landers claimed that he did not intend to strike Ellison, but that he fired a "warning" shot in an attempt to escape. He claimed to be acting out of fear for his life.

In challenging the sufficiency of the evidence on appeal, Landers asserts that the evidence was insufficient to support the conviction because the victim's testimony allegedly was "uncorroborated"; the shotgun was not recovered or entered into evidence; and he testified that he acted out of self-defense. However, these issues go only to the weight and credibility of the witnesses' testimony, determinations which are solely within the domain of the jury. See OCGA § 24-9-80.

In this case, the jury obviously rejected Landers' claims of self-defense in finding him guilty of the crimes charged. The State presented sufficient evidence to support the jury's verdict that Landers was guilty beyond a reasonable doubt of aggravated assault and possession of a firearm during the commission of a crime.

2. "Having determined that the evidence was sufficient to sustain [Landers'] conviction within the meaning of *Jackson v. Virginia*,

[supra], it necessarily follows that a motion for directed verdict would have been unavailing. [Cit.]" *Pollard v. State*, 230 Ga. App. 159, 161 (4) (495 SE2d 629) (1998).

3. Landers' final enumeration asserts ineffective assistance of counsel at trial. This issue was not raised in his February 1994 motion for new trial, which was filed by trial counsel and only challenged the sufficiency of the evidence. Appellate counsel was appointed on June 24, 1998, but did not file an amended motion for new trial raising the issue of ineffective assistance of trial counsel. A hearing on the February 1994 motion was held in August 1998, although no hearing transcript appears in the record. Therefore, appellate counsel failed to perfect the record as to whether the ineffectiveness issue was raised during the hearing or whether appellate counsel presented any evidence of ineffectiveness during the hearing.[1] The trial court issued an order denying the motion on August 13, 1998.

"It is a well established rule that any allegation of a violation of the right to counsel should be made at the earliest practicable moment." (Citation and punctuation omitted.) *McGlohon v. State*, 228 Ga. App. 726, 728 (3) (492 SE2d 715) (1997). "Our Supreme Court has clearly stated that 'the rule that an ineffectiveness claim must be raised at the earliest practicable moment requires that that claim be raised *before appeal* if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising that issue at a later time.' (Punctuation omitted; emphasis in original.) *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996)." *Howard v. State*, 233 Ga. App. 724, 730 (505 SE2d 768) (1998). Although trial counsel cannot reasonably be expected to assert or argue his own ineffectiveness in a motion for new trial, an attorney who is appointed to replace trial counsel before the ruling on such motion should raise the issue in an amended motion for new trial and request a hearing on the amended motion; otherwise, he risks waiving the issue. Id.; *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988).

"A motion for new trial may be amended any time on or before the ruling thereon. OCGA § 5-5-40 (b). After his entry of appearance, appellate counsel [in this case had approximately seven weeks] and an entire evidentiary hearing in which to amend the motion for new trial in order to add a claim of ineffective assistance of trial counsel,

---

[1] Further, " '[a]bsent a transcript, we must assume the ruling of the trial court is supported by the evidence.' (Citation and punctuation omitted.) *Walker v. State*, 215 Ga. App. 790, 792 (3) (452 SE2d 580) (1994); *Jackson v. State*, 205 Ga. App. 827, 829 (3) (424 SE2d 6) (1992)." *Vaughn v. State*, 226 Ga. App. 318, 322 (6) (486 SE2d 607) (1997).

before the ruling of the trial court on the motion precluded such amendment. This was not done, although 'ample opportunity' was available. *Sartin v. State*, 223 Ga. App. 759 (479 SE2d 354) (1996). Accordingly, we will not consider such claim raised for the first time on direct appeal by appellate counsel, when direct appeal does *not* mark the first appearance of appellate counsel. *Glover v. State*, [supra]. This enumeration of error is waived." (Emphasis in original.) *Miller v. State*, 226 Ga. App. 509, 516 (6) (486 SE2d 911) (1997). See also *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994); *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991); *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987); *Howard v. State*, supra; *Elliott v. State*, 230 Ga. App. 855, 858 (4) (c) (497 SE2d 817) (1998).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 9, 1999.

*Samuel W. Cruse*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.