## A89A0538. MIDDLEBROOKS v. THE STATE.
### (382 SE2d 385)

SOGNIER, Judge.

Andre Middlebrooks was convicted of the offenses of robbery by intimidation, aggravated assault, armed robbery, and possession of a firearm during the commission of a crime, and he appeals.

Appellant's convictions stem from two separate incidents, which were joined for trial. Construed to support the verdict, the evidence introduced at trial showed that on December 3, 1987, Karen Harrison left her employment as a registered nurse in Atlanta and drove to her home in DeKalb County. At approximately 1:00 a.m., as she exited from her car in the parking lot of her condominium complex, she was approached by two men, one of whom grabbed her, demanded her keys, and hit her on the head with a black, dull, heavy, metallic object. She was rendered unconscious and her purse, keys, and car were taken. She could not see the man who held her but saw the other man well enough to describe him, and later identified him as appellant with 85 percent certainty from a photographic showup. She also positively identified appellant in court.

On December 4, 1987, at about 11:00 p.m., Meredith Lang arrived home from a party and parked her car in front of her home in a different condominium complex in DeKalb County. As she was locking her vehicle, she was approached by two men. One had a gun, and he held it to Lang's abdomen and demanded her purse and her keys. She crouched down and he put the gun to her neck and hit her on the side of her head. Her keys, car, fur coat, watch, and jewelry were taken. She waited until she heard the men leave in her car and called the police. She described the man who held a gun on her and hit her, and later identified him as appellant with 78-80 percent certainty from a photographic array. She also positively identified appellant in court.

DeKalb County Police Officer William Davis received a "lookout" on Lang's car later that evening when another officer radioed that he had spotted the car, which had been reported stolen. Davis joined the other officer and they intercepted Lang's vehicle. A chase ensued and the stolen vehicle collided with Davis' patrol car. Three young men emerged and fled, dropping a fur coat later identified as Lang's. Davis followed one man, Benjamin E. Alford, who was arrested and subse-

quently pled guilty and testified at the trial of appellant and a co-defendant, Dewayne Cloud. Alford testified that he had been promised nothing for his testimony, and was testifying because he knew that appellant and Cloud had "hurt the lady." He testified that he, appellant, and Cloud had hitched a ride with an unidentified friend of appellant's, and when a Mazda RX-7 was driven past them, appellant asked the driver to follow it. They followed the Mazda to what was later identified as Lang's condominium complex, the three passengers got out, and the driver left. Alford testified that he walked away, and appellant and Cloud approached the Mazda. He heard a woman scream, saw Cloud standing over the victim, and then appellant and Cloud picked him up in the Mazda and they drove off with appellant driving. He testified that both Cloud and appellant had guns.

Atlanta Police Officer W. P. Jabaley testified that he arrested Cloud on December 4, 1987, and that Cloud had in his possession a pistol and three sets of keys. DeKalb County Police Officer Ronald Wright testified that he had been involved in investigating the Harrison incident on December 3rd, and when he heard about the December 4th (Lang) incident and chase he responded to assist. He spotted a man running on the street and followed him behind a house. The suspect, later identified as appellant, was pulled from beneath bushes behind the house and arrested.

1. Appellant contends the evidence was insufficient to support the conviction, arguing specifically that the evidence was in conflict regarding which role appellant played in each of the incidents. However, the evidence showed that both the victim and an accomplice testified that appellant had a gun on the night of the Lang incident, and Lang identified appellant positively as the man who held a gun on her, thus supporting appellant's conviction for armed robbery in that incident. Although appellant was indicted for armed robbery in the Harrison incident, the trial court directed a verdict of acquittal as to the armed robbery of Harrison but allowed the jury to consider the lesser included offense of robbery by intimidation. The testimony of Harrison as well as the keys found on appellant's co-defendant, one set of which was identified by Harrison as hers, amply support appellant's conviction of robbery by intimidation. We find that the evidence meets the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), enabling a rational trier of fact to convict appellant of those crimes.

2. Appellant enumerates as error the trial court's failure to give his requested charge that "[t]he identification by a witness of a person is necessarily a matter of opinion." While the trial court did not give that requested charge, the trial court did charge the jury extensively regarding identification and credibility. The court's charge included the instruction that "[i]dentity is a question of fact that must

be determined by the jury. It is dependent upon the credibility of the witness or witnesses offered for this purpose. You have the right to take into consideration all of the factors that I previously charged in regarding credibility of witnesses. Some of the factors you may also consider in assessing the reliability of identification are as follows; first, the opportunity of the witness to view the alleged perpetrator at the time of the alleged incident; next, the witness' degree of attention toward the alleged perpetrator at the time of the alleged incident; next, the level of certainty demonstrated by the witness as to his or her identification; next, the possibility of mistaken identity; next, whether the witness' identification may have been influenced by factors other than the view had by the witness, if any, at the time of the alleged incident; next, whether the witness, on any prior occasion, has failed to identify the defendant in this case as the alleged perpetrator."

We find that the trial court's charge on identification was thorough and covered substantially the same principle requested by appellant. Accordingly, the trial court's failure to give the charge in the exact language requested by appellant was not error. *Caldwell v. State*, 167 Ga. App. 692, 695 (6) (307 SE2d 511) (1983).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 11, 1989.

*William T. Hankins III*, for appellant.

*Robert E. Wilson, District Attorney, Michael D. Thorpe, Eleni Ann Pryles, Assistant District Attorneys*, for appellee.