## A90A0788. JONES v. THE STATE.

(395 SE2d 83)

POPE, Judge.

Defendant Javia Jones was charged with five counts of burglary, two counts of armed robbery, kidnapping, theft by taking, and terroristic threats and acts. Following a jury trial, he was convicted of one count of burglary, two counts of armed robbery, and kidnapping. His sole enumeration of error on appeal challenges the sufficiency of the evidence to support his conviction. We affirm.

Construed so as to support the verdict, the evidence adduced at trial showed the following: In October 1988 the lake home of Russell Peters was burglarized. Several personal items such as Navy medals with Peters' name engraved on them, a VCR, Walt Disney video tape, and a .38 chrome revolver were taken. On the same evening, kidnapping victim, Duane M. Kitchens, had to stop his truck to move a log lying across the road when driving from his lake home. After moving the log, he turned around and found a man, subsequently identified as defendant, standing there with a shiny revolver trained on him. Defendant threatened Kitchens, took his wallet, and ordered him to drive. Defendant forced Kitchens to drive him to a wooded area in order to look for a VCR he had left there, but defendant never found it. Still at gunpoint, Kitchens was then ordered to drive to another residence, the location of a second alleged burglary by defendant. Kitchens ultimately escaped. At the police station he identified defendant in a photo line-up as his abductor. Kitchens later directed police officers to the area where defendant had looked for the VCR, and there the items from the Peters' burglary were recovered.

A few days later James Stewart and his wife were vacationing at their cabin on Lake Sinclair, where they were confronted by defendant who was armed with a deer rifle. Mrs. Stewart escaped by running inside their trailer. Defendant demanded Stewart to give him his billfold and watch. After being handed the billfold, defendant ran. Stewart got into his truck to go call the sheriff and had to move a piece of pulpwood blocking his exit. At the sheriff's office, Stewart identified defendant as his assailant in a photo line-up.

The only issue in this case is whether the evidence at trial was sufficient to sustain defendant's conviction. Defendant claimed the

eyewitness identification testimony was incredible and uncorroborated. However, the evidence showed that Kitchens, after spending three to four hours with defendant at gunpoint, positively identified defendant as robbing and holding him against his will. Stewart positively identified defendant as robbing him at gunpoint. Peters also testified at trial and identified the items taken from his home, including some bearing his initials. "We find that the evidence meets the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), enabling a rational trier of fact to convict [defendant of armed robbery, burglary, and kidnapping]." *Middlebrooks v. State*, 191 Ga. App. 542, 543 (1) (382 SE2d 385) (1989).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 12, 1990.

*J. Philip Carr*, for appellant.

*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney*, for appellee.