A98A0542. BRANTLEY v. THE STATE.
(497 SE2d 399)

JOHNSON, Judge.

A jury found Dejuan Terrell Brantley guilty of armed robbery and aggravated assault. He appeals from the conviction entered on the jury's verdict.

1. Brantley's argument that the evidence was insufficient to support his conviction is not supported by the record. On appeal the evidence must be viewed in a light most favorable to the verdict, and Brantley no longer enjoys the presumption of innocence. *Rigenstrup v. State*, 197 Ga. App. 176, 180-181 (4) (398 SE2d 25) (1990). Viewed in that light, the state's evidence was as follows. The victim operates a flea market-type business out of his home in rural Putnam County. He sells furniture, electronics and stereo equipment for cars. On August 27, 1995, three young men came to his house to look at his merchandise. The victim began showing them amplifiers and explaining their various features. One of the men decided to buy an amplifier, but said his money was in the car. At that point Brantley said he would "take care" of it. The victim initially thought Brantley meant he would pay for the amplifier, but began to feel uneasy when he noticed that Brantley had a big grin on his face and was playing with the top of his pocket. The three men began to crowd the victim, pushing him until he lost his balance. The victim kept watching Brantley's hands, expecting to see a weapon, but none was drawn. The men began to grab merchandise, including two amplifiers and a set of speakers, and ran with it to a maroon, Toyota-type car which had a drive-out tag advertising "Classic Motors." The victim got up to get a better look at the men and the car and shouted at them that they were going to get caught because he could identify them. Brant-

ley then ran toward the victim with a pistol and fired three shots, one of which hit the victim.

Two months after the incident, the victim and his wife saw a maroon car at a convenience store in a neighboring county. The victim recognized Brantley as the person who had shot him. Several days later the police prepared a photographic lineup, and the victim picked out Brantley's picture.

At trial, a representative from Classic Motors of Milledgeville produced a bill of sale for a burgundy 1992 Toyota showing it was sold to Charles A. and Dejuan T. Brantley on July 10, 1995. The car seen by the victim at the convenience store had a Georgia tag but displayed a "Classic Motors" sticker on the rear panel.

The evidence was sufficient to authorize a rational trier of fact to find Brantley guilty beyond a reasonable doubt of armed robbery and aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Clark v. State*, 226 Ga. App. 176, 177 (1) (486 SE2d 393) (1997).

2. Brantley argues that he was not indicted, convicted or sentenced according to Georgia law because the offenses of armed robbery and aggravated assault merge as a matter of law. Aggravated assault and armed robbery do not merge as a matter of law. *Hambrick v. State*, 256 Ga. 148, 150 (344 SE2d 639) (1986); *Harvey v. State*, 233 Ga. 41, 43 (1) (209 SE2d 587) (1974); *Taylor v. State*, 219 Ga. App. 475, 477-478 (4) (465 SE2d 473) (1995). Although the offenses of aggravated assault and armed robbery may merge as a matter of fact, Brantley does not offer this as a basis for his argument. Therefore, we need not examine the facts in this case to determine whether the offenses should have merged as a matter of fact.

3. Brantley asserts he was denied effective assistance of counsel at trial. "To establish ineffective assistance of counsel, [Brantley] must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Citations and punctuation omitted.) *Sartin v. State*, 223 Ga. App. 759 (479 SE2d 354) (1996). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citations and punctuation omitted.) *Rogers v. State*, 210 Ga. App. 164 (2) (435 SE2d 457) (1993).

(a) Without citing to authority, Brantley first asserts his trial counsel was ineffective because no evidence was presented by the defense. The decision involved in determining whether the benefit of

presenting evidence on defense during a criminal trial outweighs the loss of first and last closing argument is one of trial strategy. See *Brown v. State*, 268 Ga. 354, 357 (4) (a) (490 SE2d 75) (1997). "Trial strategy and tactics do not equate with ineffective assistance of counsel. The fact that [Brantley] and his present counsel disagree with the decisions made by trial counsel does not require a finding that [Brantley's] original representation was inadequate." (Citations and punctuation omitted.) *Nihart v. State*, 227 Ga. App. 272, 273 (1) (488 SE2d 740) (1997). Furthermore, Brantley has failed to identify any specific defense his counsel failed to raise. Therefore, Brantley has failed to show that any purported deficiency in his trial representation was a result of ineffectiveness and not deliberate trial strategy. See *Williams v. State*, 211 Ga. App. 393, 395 (2) (b) (439 SE2d 11) (1993).

(b) Brantley also asserts trial counsel was ineffective in failing to demand a hearing on a previously filed motion to suppress evidence. The motion sought to suppress a statement given by Brantley to law enforcement officers. However, as conceded by Brantley in his brief, the state never attempted to introduce the statement into evidence at trial. Therefore Brantley was not prejudiced by the failure of trial counsel to demand a hearing. See generally *Stephens v. State*, 214 Ga. App. 183, 188 (10) (447 SE2d 26) (1994).

(c) Finally, Brantley asserts his trial counsel was ineffective for failing to call members of his family as witnesses during the sentencing hearing. On Brantley's behalf, counsel informed the court that Brantley's mother and grandparents were present to support him, asked the court to take into consideration Brantley's age in determining the sentence, and argued strongly for a term of years. Because we do not find a reasonable probability, in light of Brantley's criminal record, that he would have received a different sentence had family members been called to testify at the sentencing phase on his behalf, counsel was not ineffective for failing to demand that they be allowed to testify. See *Baxter v. Kemp*, 260 Ga. 184, 190-191 (8) (e) (391 SE2d 754) (1990).

The trial court's finding in this case that Brantley received effective assistance by trial counsel was not clearly erroneous.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 18, 1998.

*Lawrence, Ford & Ridgeway, Francis N. Ford*, for appellant.
*Fredric D. Bright, District Attorney, Richard M. Gailey, Jr., Assistant District Attorney*, for appellee.