A98A1313. SETSER v. THE STATE.
(505 SE2d 798)

JOHNSON, Presiding Judge.

A jury found Billy Setser guilty of armed robbery, burglary, possession of a firearm during the commission of a crime, aggravated battery, possession of a firearm by a convicted felon and three counts of aggravated assault. He appeals from the convictions entered on the verdict and the denial of his motion for new trial.

1. Setser contends the evidence was insufficient to support the verdict. Specifically, he argues the jury should not have believed the testimony of his co-defendant and a victim identifying him as the armed man who forced his way into the victims' home and committed the crimes charged.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Swift v. State*, 229 Ga. App. 772, 773 (1) (495 SE2d 190) (1997). Viewed in such a light, the evidence shows that a white car pulled into the driveway of the victims' home. When the father went to answer the door, a man wearing a mask and holding a gun kicked in the door and demanded money. The father ran toward the back of the house to get his shotgun and was chased and then shot in the back by the masked man. A second masked man,

who was unarmed, entered the house and grabbed the mother. The couple's adult daughter pushed the second man away from the mother and the gunman pushed the daughter as she tried to reach her injured father. The mother tried using the phone to call for help, but the gunman pulled the phone out of her hand, grabbed the mother and put the gun to her head and then to her ribs. The gunman threatened to shoot the mother if he was not given any money. The daughter stepped between the gunman and her mother, pulled the armed man's mask off and stared at his face for about ten seconds before he pushed her away. The man covered his face and again demanded money. As the daughter went to get her purse, the men ran out.

The daughter gave a detailed description of the gunman to police and looked at a book of mugshots. She selected Setser's picture and identified him as the gunman. An officer went to Setser's home that night and noted that Setser matched the physical description the daughter gave police, drove a white car and was dressed in jeans similar to those described by the daughter. Setser told the officer he was at work at the time of the crimes and that people at his place of work could verify this. When asked, however, they told the officer that Setser did leave work that night. A week later, the officer took six photographs of suspects to the daughter. She again identified Setser, saying "I'll never forget that face."

In executing a search warrant of his home, police found a shirt and work boots that matched the description the daughter gave of the gunman's clothing. A detective compiled another photographic lineup which included a new photograph of Setser and presented it to the daughter. She again selected Setser's photograph from the array. She also positively identified the shirt and boots seized by police as those worn by the armed assailant and identified Setser in court.

The other man who entered the victims' home that evening, Donald Gravley, testified on behalf of the state. Gravley testified that he and Setser left the auction where Setser worked and drove to the victims' house nearby. Setser wore a mask over his face, broke in through the front door and demanded money. Gravley, who was unarmed, heard a gun discharge as Setser chased the father. He watched Setser hold a gun to the mother's stomach then point the gun at everybody in the house. The men left and went back to the auction. Though Setser offered testimony which conflicted with that of the state's witnesses, the evidence was sufficient to enable a rational trier of fact to find Setser guilty of the crimes charged beyond a reasonable doubt within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Jones v. State*, 195 Ga. App. 894, 895 (395 SE2d 83) (1990).

2. Setser claims trial counsel was ineffective because he: (1)

failed to object to testimony the state elicited from Gravley that he and Setser smoked marijuana together and that they met in jail; and (2) failed to subpoena witnesses to testify during the sentencing phase of the trial. Setser also contends his first appellate counsel was ineffective because he failed to raise ineffectiveness of trial counsel as an issue in his motion for new trial. Through new appellate counsel, Setser seeks a remand for a hearing on the matter.

To preserve the issue of ineffective assistance of previous counsel, new counsel must raise the issue at the first possible stage of post-conviction review or the issue is waived. *McGlohon v. State*, 228 Ga. App. 726, 728 (3) (492 SE2d 715) (1997); *Hill v. State*, 207 Ga. App. 65, 68 (6) (426 SE2d 915) (1993). Setser's current appellate counsel was appointed after Setser's motion for new trial was denied. Therefore, new appellate counsel did not have the opportunity to raise the ineffective assistance issue before the trial court. Generally, when the appeal presents the earliest practicable opportunity to raise an ineffectiveness claim, and the claim is indeed raised for the first time on appeal, we remand the case to the trial court for an evidentiary hearing on the issue. See *Elliott v. State*, 230 Ga. App. 855, 858 (4) (c) (497 SE2d 817) (1998); *Parrish v. State*, 194 Ga. App. 760, 762 (4) (391 SE2d 797) (1990); *McGlohon*, supra at 729.

We are not, however, always required to remand the case. *Elliott*, supra. "[R]emand is not necessary when it appears as a matter of law that the appellant cannot satisfy the two-prong test to establish ineffectiveness of counsel." *Johnson v. State*, 214 Ga. App. 404 (1) (447 SE2d 711) (1994); *In the Interest of J. B.*, 223 Ga. App. 429, 432 (2) (477 SE2d 874) (1996). Under the test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), the defendant is required to show both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Jenkins v. State*, 268 Ga. 468, 473 (10) (491 SE2d 54) (1997). We find that the test cannot be satisfied in this case and remand is therefore unnecessary.

When the prosecutor asked Gravley how he knew Setser, he replied that they met in jail. The prosecutor then asked Gravley what kind of social activities he and Setser engaged in together. Gravley responded that they went to an auction and "smoked a couple of joints" together. The prosecutor inquired as to how many times they smoked marijuana together. Gravley replied: "Probably a blue million." Defense counsel made no objection during the inquiry.

This Court has held that testimony that a defendant smoked marijuana does not place one's character in issue. *Hearst v. State*, 212 Ga. App. 492, 496 (4) (441 SE2d 914) (1994). Arguably, given the authority cited in *Hearst*, the court went further than necessary to reach that conclusion. However, we need not address the questions raised by the *Hearst* decision because even if admission of this evi-

dence constituted error, in view of the overwhelming admissible evidence of Setser's guilt such error was harmless. See generally *Parker v. State*, 226 Ga. App. 462, 464 (5) (486 SE2d 687) (1997).

Authority appears to be split on the question of whether mentioning a defendant's prior incarceration places his character into evidence. See the Supreme Court's in-depth discussion of this issue in *Sorrells v. State*, 267 Ga. 236, 239-240 (5) (476 SE2d 571) (1996). Even assuming trial counsel should have objected to the inquiry or testimony, the witness' isolated reference to Setser's having been in jail was harmless given the overwhelming evidence of his guilt. See id.

Finally, Setser's claim that trial counsel was deficient because he failed to subpoena witnesses to testify during the sentencing hearing presents no grounds for reversal inasmuch as he gives no indication what testimony was available or how such testimony would have affected his sentence. See *Gilbert v. State*, 209 Ga. App. 483, 486 (3) (433 SE2d 664) (1993); see generally *Brantley v. State*, 230 Ga. App. 651, 653 (3) (c) (497 SE2d 399) (1998).

It is clear that none of the alleged errors committed by trial counsel materially affected the outcome of the proceedings in this case. Accordingly, Setser has not shown he was denied effective assistance of trial counsel. See *Elliott*, supra at 858. Likewise, Setser cannot show any prejudice caused by initial appellate counsel's failure to assert an ineffective assistance of trial counsel claim, since such a claim would have failed even if it had been raised. See generally *Martin v. State*, 228 Ga. App. 548, 551 (492 SE2d 307) (1997).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 11, 1998.

*Stephen A. Delaney*, for appellant.
*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.

