## A01A2518. RAY v. THE STATE.
(560 SE2d 54)

JOHNSON, Presiding Judge.

Dexter Ray was convicted of armed robbery. He appealed, asserting, among other things, ineffective assistance of counsel on ten grounds. On June 9, 1999, this court issued an opinion finding that Ray's ineffective assistance of counsel claims had yet to be ruled upon by the trial court, but that his other enumerated errors were without merit. Accordingly, this court affirmed Ray's conviction, but remanded the case to the trial court for a hearing on the ineffective assistance of counsel claims.

On remand, the trial court held the hearing and then ruled that Ray had received effective assistance of counsel. Ray appeals from that ruling, asserting four enumerations of error. Because Ray's enumerated errors do not support his position that his trial counsel was ineffective, we affirm the trial court's ruling and hold that Ray is not entitled to a new trial.

1. Ray contends that his trial counsel was ineffective in failing to have certain evidence suppressed. Ray's counsel moved to suppress the evidence in question. But as we previously ruled in Ray's first appeal, the trial court correctly refused to suppress the evidence because it was properly seized from Ray's apartment after his lawful arrest, after his wife gave consent to the police to search the apartment and after the police obtained a valid search warrant for the apartment. Because the evidence in question was admissible, Ray's trial counsel cannot be said to be ineffective in failing to have it suppressed.[1]

---

[1] See *Hammond v. State*, 264 Ga. 879, 882 (3) (b) (452 SE2d 745) (1995) (counsel's failure to object to admissible evidence not deficient); *Hollis v. State*, 215 Ga. App. 35, 36-37 (2)

2. Ray argues that his trial counsel was ineffective in failing to properly cross-examine various witnesses, in failing to present evidence about the identity of an unknown caller to the police and about where police officers actually found Ray's identification card and in failing to call certain witnesses. At the ineffective assistance of counsel hearing, Ray's attorney fully explained his tactical reasons for his decisions on these matters. It is unnecessary for us to address each of Ray's numerous allegations of flawed trial strategy by his counsel.

Suffice it to say that the attorney's decisions on which witnesses to call, what evidence to introduce, how to conduct cross-examinations, and which defenses to pursue are matters of trial tactics that do not amount to ineffective assistance of counsel.[2] Ray has not met his burden of showing both that his trial counsel's performance was deficient and that the deficiency prejudiced his defense. "A strong presumption exists that representation has been effective, and trial strategy and tactics do not establish ineffective assistance. In the absence of testimony to the contrary, counsel's actions are presumed strategic."[3]

3. Ray has combined his third and fourth enumerated errors into one argument, complaining that his counsel was deficient during the sentencing phase of his trial and that the trial court, on remand for the ineffective assistance of counsel hearing, erred in refusing to allow him to raise this issue. Contrary to Ray's complaints, the trial court correctly refused to consider this ground because it was not timely raised in his first appeal.

To preserve an issue of ineffective assistance, the issue must be raised at the first possible stage of post-conviction review or the issue is waived.[4] Here, the first possible stage at which Ray could have raised the issue that his counsel was ineffective during sentencing was on his first appeal when he raised his other ten ineffectiveness claims. Ray failed to do this and instead attempted to raise the issue for the first time when the case was remanded to the trial court. Because he did not raise this ground at the first possible stage, it was waived and may not be considered.[5]

Moreover, we note that Ray's sentence is within the legal limit for armed robbery,[6] and that there is nothing in the record to show

---

(450 SE2d 247) (1994) (counsel's late filing of motion to suppress evidence was not deficient where there was no proper ground to exclude the evidence).

[2] See *Gunsby v. State*, 248 Ga. App. 18, 22 (4) (545 SE2d 56) (2001).

[3] *Crider v. State*, 246 Ga. App. 765, 769 (4) (542 SE2d 163) (2000).

[4] *Setser v. State*, 233 Ga. App. 822, 824 (2) (505 SE2d 798) (1998).

[5] See *Seese v. State*, 235 Ga. App. 181, 183-184 (3) (509 SE2d 94) (1998) (attempt to raise claims of ineffectiveness of counsel on grounds different from those supporting the original ineffectiveness claim are procedurally barred).

[6] OCGA § 16-8-41 (b).

that at sentencing Ray's trial counsel was deficient or that Ray would have received a different sentence but for counsel's performance.[7]
*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JANUARY 25, 2002 —
RECONSIDERATION DENIED FEBRUARY 11, 2002 —

Dexter J. Ray, Sr., *pro se.*
*J. David Miller, District Attorney, Robert T. Gilchrist, Assistant District Attorney,* for appellee.

---

[7] See *Brantley v. State*, 230 Ga. App. 651, 653 (3) (c) (497 SE2d 399) (1998).