A04A0654. SLACK v. THE STATE.
(598 SE2d 376)

BLACKBURN, Presiding Judge.

Following a jury trial, Andrae Slack appeals his conviction for armed robbery, kidnapping, and possession of a firearm during the commission of a crime, contending that: (1) the prosecutor engaged in misconduct by purposefully misleading the jury regarding a witness's identification of Slack during trial which differed from a pre-trial identification; and (2) he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that, on July 24, 2001, Gregory Hann was standing at a bus stop when a white car pulled up beside him, and the occupants, Slack, Kenyatta Cosby, and Orthedis Fambro, began asking him where they could find some drugs. Hann testified that the passenger sitting in the back seat was a light-skinned African-American male with a goatee who forced him at gunpoint to get into the car. Although Hann identified Slack as the front seat passenger in a pre-trial lineup, Hann identified Slack as the back seat passenger at trial and described his gun as being chrome with a black handle.

While Hann was held captive by the co-defendants, the driver pulled the car up to Chaz Brown, an acquaintance of Hann, and the co-defendants also asked him where to find some drugs. Brown, however, simply ignored their questions.

Slack and his co-defendants then drove Hann to the parking lot of a nearby apartment complex, and the passengers in both the front seat and the back seat pointed guns at him and told him to hand over all of his personal possessions, his clothing, and his wallet. At this point in his testimony, Hann, who was apparently confused, stated that the "light-skinned man" was the front seat passenger, not the back seat passenger.

Brown testified that, after he initially talked to the defendants while Hann was in the car, the defendants returned a short time later without Hann. At that time, the back seat passenger pointed a gun at Brown and forced him to get into the car. While Brown was in the car, his clothing and possessions were taken from him at gunpoint. Brown positively identified Slack as the passenger in the front seat of the car, and he stated that, during the robbery, Slack was pointing a chrome-plated pistol at him.

After Hann reported the robbery, police stopped the white car, and, at that time, Slack was driving. A chrome-plated pistol was found at Slack's feet, and another gun and both victims' belongings were found inside the car.

This evidence was more than sufficient to support the verdict against Slack. See *Jackson v. Virginia.*[1]

1. Nonetheless, Slack now contends that the prosecutor engaged in misconduct by purposefully misleading the jury regarding Hann's identification of Slack as the back seat passenger during trial because it differed from his pre-trial identification of Slack as the front seat passenger. This enumeration, however, was waived by Slack because no objection was raised regarding the prosecutor's conduct during trial. See, e.g., *Miller v. State.*[2]

Moreover, even if this error had been preserved, there is no evidence of record which would support a finding of misconduct on the part of the prosecutor. At the motion for new trial hearing, the prosecutor stated that, although he was surprised that Hann identified Slack as the back seat passenger during trial, he believed that Hann might have legitimately remembered at the subsequent date of the trial that the actual robbery happened in a different manner than he earlier described. In addition, as pointed out above, the transcript makes it clear that Hann may have been confused about Slack's position in the car. Under these facts, there simply is no basis to Slack's current claim that the prosecutor engaged in purposeful misconduct.

2. Slack contends that he received ineffective assistance of counsel because his trial counsel failed to: (a) cross-examine Hann about the discrepancy between his pre-trial identification of Slack and his in-trial identification of Slack as the back seat passenger and (b) object to the prosecutor's alleged misconduct in misleading the jury regarding such discrepancy.

The proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or state law, is the two-pronged test announced in *Strickland v. Washington.*[3] First, appellant must show that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. There is a strong presumption that trial counsel's performance falls

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Miller v. State*, 267 Ga. 92 (2) (475 SE2d 610) (1996).

[3] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. As to the second prong, the question is whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different.

(Punctuation omitted.) *Gomillion v. State.*[4]

And informed strategic decisions do not amount to inadequacy under *Strickland.* The fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel.

(Citation and punctuation omitted.) *Cook v. State.*[5]

(a) Slack contends that his trial counsel was ineffective because he failed to cross-examine Hann about the discrepancy between his pre-trial identification of Slack and his in-trial identification of Slack as the back seat passenger. Even if we were to assume, as Slack contends, that the failure to cross-examine on this issue was ineffective, Slack has failed to prove that he was prejudiced.

First, a careful review of the record reveals that, during direct examination, Hann's confusion regarding his identification was brought out before the jury. Initially, Hann testified that Slack was the back seat passenger, pointing him out in the courtroom. Later during his direct testimony, however, Hann indicated that Slack, who he had described as the light-skinned man, was the front seat passenger. So, contrary to Slack's contentions, evidence of Hann's confusion regarding Slack's position in the car was before the jury.

Second, irrespective of Slack's position in the front seat or the back seat of the car, the testimony of both victims clearly indicates that both passengers actively participated in both robberies. As such, despite his position in the car, Slack would be a party to the crimes committed.

Third, the evidence clearly placed Slack in the car at the time of the robberies, both victims indicated that Slack participated in the robberies, a gun used in the robberies was found at Slack's feet, and

---

[4] *Gomillion v. State,* 236 Ga. App. 14, 16 (3) (512 SE2d 640) (1999).
[5] *Cook v. State,* 274 Ga. 891, 897 (7) (561 SE2d 407) (2002).

both victims' belongings were found in Slack's car. In light of this overwhelming admissible evidence, any error of his trial counsel in failing to emphasize the discrepancy in Hann's pre-trial and in-trial identification was harmless. *Setser v. State.*[6]

(b) Slack also contends that his trial counsel was ineffective for failing to object to the prosecutor's alleged misconduct in misleading the jury regarding Hann's identification of Slack. As pointed out above, the record does not support Slack's allegation that any such purposeful misconduct occurred. As such, his trial counsel was not ineffective for failing to raise any objection on this basis.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED APRIL 7, 2004.

*Maria Murcier-Ashley*, for appellant.

*Jeffrey H. Brickman, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[6] *Setser v. State*, 233 Ga. App. 822, 825 (2) (505 SE2d 798) (1998).